IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **JEFFREY A. FELDMAN,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**PRUDENTIAL INSURANCE COMPANY OF AMERICA,**<br><br>**Defendants.** | **ORDER**<br><br>Case No. 2:06CV315DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant's objection to Plaintiff's award of attorney's fees and costs and Defendant's objection to Plaintiff's Proposed Judgment. On October 24, 2007, Judge Paul G. Cassell issued a sealed order on summary judgment requesting Plaintiff to submit an affidavit for attorney's fees and a proposed form of judgment. On November 8, 2007, this case was reassigned to Judge Dale A. Kimball. The parties have fully briefed the issues with respect to attorney's fees and the form of judgment. The court concludes that a hearing would not aid in its determination of these matters. *See* DUCivR 7-1(f). The court has carefully considered the parties' memoranda and other materials submitted as well as the facts and law relating to these matters. Now being fully advised, the court enters the following Order.

## I. ATTORNEY'S FEES

      Plaintiff was awarded attorney's fees in the order on summary judgment issued by Judge Cassell. Plaintiff has submitted an affidavit and a supplemental affidavit from counsel detailing attorney's fees and costs in the amount of $62,559.87. Defendant objects on the grounds that

Plaintiff's counsel's billing rate of $250 per hour is too high and she expended too much time.

In evaluating the reasonableness of a fee application, a court must consider several factors, including: the amount in controversy; the extent of services rendered; the relationship of the fee to the amount recovered; the novelty and difficulty of the issues involved; the overall result achieved; the necessity of initiating a lawsuit to vindicate rights under the contract; the difficulty of the litigation; the efficiency of the attorneys in presenting the case; the reasonableness of the hours spent on the case; the fee customarily charged in the locality for similar services; and the expertise and experience of the attorneys. *See Dixie State Bank v. Bracken*, 764 P.2d 985, 989 (Utah 1988).

Although Defendant questions the efficiency of Plaintiff's counsel by arguing that the only reasonable amount of time would be the amount of time Defendant's counsel spent, the court concludes that such a standard is untenable. Specifically, in this case, the disparity of hours expended between Plaintiff's counsel and Defendant's counsel is not a significant amount of time. As Plaintiff points out, her counsel may have expended additional hours but she also received the more successful result. The court has carefully reviewed the hours spent by Plaintiff's counsel and concludes that the amount of time spent is reasonable given the issues in the case and other circumstances present in the case.

Furthermore, Defendant challenges the hourly rate charged by Plaintiff's attorney. Plaintiff submitted an affidavit supporting her rates. The court concludes that Ms. Schaap's rates are in line with the rates charged in the community by attorneys with like experience on similar matters. Accordingly, the court awards Plaintiff full recovery of attorney's fees and costs in the amount of

$62,559.87.

## II.  FORM OF JUDGMENT

Judge Cassell's prior order concluded that Plaintiff was entitled to prejudgment interest at ten percent per annum on his long-term disability benefits.  Defendant objects to the rate determined by Judge Cassell and to Plaintiff's method of calculating prejudgment interest.

First, the court finds no error in Judge Cassell's use of Utah Code Ann. § 15-1-1's ten percent per annum prejudgment interest rate.  Defendant admits that the court has discretion in determining the appropriate interest rate.  *Caldwell v. LINA*, 287 F.3d 1276, 1287 (10th Cir. 2002).  Defendant, however, urges that the court should have used the interest rate set forth in 28 U.S.C. § 1961.  Section 1961 uses "a rate equal to the weekly average one-year constant maturity Treasury yield . . . for the calendar week preceding."  28 U.S.C. § 1961(a).  Based on this method for calculating the interest rate, Defendant asserts that an appropriate prejudgment interest rate is three percent.

In *Allison v. Bank One-Denver*, 289 F.3d 1223 (10th Cir. 2002), the court found that the district court did not abuse its discretion in applying the Colorado statutory rate.  *Id.* at 1243-44. Although that statutory rate was 8% instead of Utah's 10%, the Tenth Circuit has upheld the use of other statutory rates that were higher than Utah's.  *Biava v. Insurers Admin. Corp.*, 1995 WL 94461 (10th Cir. 1995) (approving New Mexico's 15% interest rate).  The court does not believe that Judge Cassell's application of the Utah statutory prejudgment interest rate was an abuse of discretion.  The use of that rate does not cross the line from merely compensatory to punitive.

Next, Defendant contends that Plaintiff's calculation of prejudgment interest does not take into account a period of overpayment by Defendant when no benefits were due.

In the Tenth Circuit, prejudgment interest is generally available "to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of the judgment." *Caldwell v. LINA*, 287 F.3d 1276, 1286 (10th Cir. 2002). Prejudgment interest compensates assignees as if the plan had paid benefits when the employee first filed his or her claim. *Lutheran Med. Ctr. v. Contractors, Laborers, Teamsters & Eng'rs. Health & Welfare Plan*, 25 F.3d 616, 623 (8th Cir. 1994).

Defendant argues that in order to correctly determine the correct application of prejudgment interest the court must look at the specific provisions of the LTD Policy at issue in this case. The LTD provides that social security benefits offset the award of long term disability benefits. Consequently, Defendant asserts that any social security benefits Plaintiff has received must be offset against the long-term disability benefits already received and those going forward.

Defendant acknowledges that Plaintiff has accounted for social security offsets in his calculation of benefits due, but Defendant contends that he ignores the effect of the retroactive social security payment in calculating his prejudgment interest. Plaintiff's interest calculation is based on the full amount of long-term disability benefits owing to Plaintiff as of October 30, 2004, the month after Defendant's terminated his benefits.

Defendant approved Plaintiff's long-term disability benefits retroactive to May 31, 2001, but then terminated his benefits as of September 30, 2004. Plaintiff was eligible for social security benefits in April 2002, but he did not obtain a favorable ruling and start receiving social security benefits until March 27, 2007. On March 27, 2007, Plaintiff received a social security check for April 2002 through February 2007 in the amount of $74,644.50, which equals $1265 per month.

Because of the award of social security benefits, from October 2004 to March 2007, Plaintiff was entitled to a net long-term disability benefits in the amount of $3635 per month. Therefore, the prejudgment interest calculation to February 19, 2008 on those long-term disability benefits from October 2004 through February 2007, is $21,384.18. The prejudgment interest calculation from February 2007 to February 19, 2008, subtracting the amount of social security benefits received from the long-term disability amount due before making such calculation, is equal to $1642.90. Therefore, the court awards prejudgment interest in the amount of $23,027.08. Plaintiff is entitled to the prejudgment interest in addition to the net long-term disability benefits (long-term disability benefits minus social security benefits) in the amount of $83,456.50.

Accordingly, the Clerk of Court shall enter judgment in Plaintiff's favor and against Defendant for benefits and prejudgment interest in the amount of $106,483.58, and attorney's fees and costs in the amount of $62,559.87–for a total Judgment in the amount of $169,043.45.[1] Because Defendant has stated no objection to Plaintiff's further requests, Plaintiff is also entitled to: (1) continuing monthly long-term disability benefits, subject to the Policy, in the amount of $3284.00 per month, with the first monthly benefit check due on March 1, 2008, and all checks thereafter to be made payable to ans sent directly to Plaintiff on the first day of each month; and

---

[1] Rule 58 of the Federal Rules of Civil Procedure states that "[e]very judgment and amended judgment must be set forth on a separate document." Fed. R. Civ. P. 58. This rule has been interpreted to "require that there be a judgment set out on a separate document – distinct from any opinion or memorandum – which provides the basis for the entry of judgment." *United States v. Clearfield State Bank*, 497 F.2d 356, 359 (10th Cir. 1974). The final judgment should "specify the disposal of all the claims and the relief to which the prevailing parties are entitled." *See Stamatakis Indus. v. J. Walter Thompson, U.S.A., Inc.*, 944 F.2d 382, 384 (7th Cir. 1991).

(2) reinstatement of Plaintiff's life insurance coverage under Group Policy G-90815, issued to NIC, Inc., by Defendant.  Payment of the Judgment shall be made forthwith and in the manner requested by Plaintiff.

### III.  CONCLUSION

Based on the above reasoning, the Clerk of Court shall enter judgment in this matter as directed.

DATED this 11th day of February, 2008.

_____
DALE A. KIMBALL
United States District Judge